## F. E. SHANNON v. O. WOOLLARD et al.

CHANCERY COURT JURISDICTION. _Lost judgment. Bill to supply. Statute of
limitations._ Shannon recovered a judgment in 1860 before a justice of
the peace against O. and J. A. Woollard and Burk. Shannon trans-
ferred the judgment to Sullivan and agreed to pay it if he could not
make the money off of the judgment debtors. Shannon afterwards paid
the money and the judgment was satisfied by Sullivan on the docket.
Shannon afterwards sued the judgment debtors in circuit court in an
action of assumpsit for money ·paid; said suit was decided against
him.  Afterwards the papers and judgment in office of the justice
were lost.  Shannon files bill in chancery court to set up said lost

judgment and to set aside satisfaction thereof and to recover same of judgment debtors. *Held,* the subject-matter was not *res adjudicata,* that the statute of limitations of six years was no defense to any relief sought; that the statute of ten years, counting out the time the statute of limitations ceased to operate, had not expired when bill was filed, and that the chancery court had jurisdiction to grant relief.

FROM WILSON.

Appeal from the Chancery Court at Lebanon. GEO. E. SEAY, Ch.

R. C. & J. C. SANDERS and THOMPSON & SON for complainant.

TARVER & GOLLADAY for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed January 2, 1874, to set aside the satisfaction of a justice's judgment, and to supply lost papers in the cause.

The judgment was recovered May 11, 1860, for $200.66. The bill alleges that in April, 1861, complainant transferred said judgment to one Sullivan, and agreed to pay it if it could not be made off the judgment debtors, O. and J. A. Woollard and E. L. Burk; that he subsequently did have to pay it, and Sullivan marked the same satisfied upon the justice's docket, although the said defendants therein had paid no part thereof, and the same as to them is still due and unsatisfied. The bill prays that the lost papers be supplied, and that complainants have a decree for the amount of said judgment.

It appears that complainant after the payment made

by him to Sullivan, sued the defendants in said judgment, in an action of assumpsit for money paid, and upon the special facts in another court, but not upon the judgment itself, and judgment was rendered against him in the circuit court and an appeal in this court. The grounds of the judgment do not appear, but from the facts appearing in the record, we infer these judgments were rendered against him upon the ground that his payment to Sullivan upon his collateral contract, and the entry of satisfaction on the justice's docket, did not extinguish said judgment. One of the pleas in the action of assumpsit was, that plaintiff already had a judgment still subsisting against them, for the same indebtedness sued for. Some other ineffectual efforts were made to coerce the payment of the money paid by complainants. But it was discovered that the papers being lost, and that the entry of satisfaction of the judgment, were impediments in the way of legal proceedings:

The defendants admit the facts as alleged in the bill in respect to the recovery and transfer of the judgment, and the fact of payment to Sullivan by complainant on his contract is proved. The defendants, however, insist they paid the judgment about the time it was assigned to Sullivan, or soon thereafter, but this the evidence fails to establish. They also plead *res adjudicata,* the statute of limitations of six and ten years, and by demurrer previously filed it was insisted that plaintiff had an unembarrassed remedy at law, and that the lost papers, under the statute, could be supplied only before the justice or his successor.

There has been no adjudication of the case made by this bill, nor is the statute of limitations of six years any defense against the relief sought by it. The entry upon the justice's docket was not intended to be an extinguishment of the judgment as against the defendants therein, but was inadvertently made in the form in which it appears, and was simply intended as a receipt for the money. Complainant, by his collateral agreement, had bound himself to pay the money if not collected off defendants. All the facts warrant this conclusion.

It cannot be said complainant intended voluntarily to release the defendants from their liability to him, and Sullivan says after complainant had paid him he made no further claim to the judgment. The right to it and to its enforcement, under the facts, reverted to complainant. Ten years, counting out the time during which the statute of limitations ceased to operate, had not expired when the bill was filed. The chancery court had jurisdiction to grant the relief prayed. The chancellor gave the relief sought, and the Referees report in favor of an affirmance of his decree, and their report will be confirmed.